## Mary E. Morris et al., Defendants in Error, v. Thomas Kerrigan, Plaintiff in Error.

### Gen. No. 15,166.

EVIDENCE—*when proof of rental value incompetent.* A definite contract having been established as to the amount to be paid for the use of real property, proof of its fair rental value is properly rejected.

Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 24, 1911.

BENJAMIN F. J. O'DELL, for plaintiff in error.

BOYLE, MOTT & HAIGHT, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This case is brought before us upon writ of error to review the judgment of the Municipal Court of Chicago, entered against plaintiff in error (Kerrigan) on October 6, 1908, for the possession of certain real estate. The trial below was before a jury, but the court directed the verdict.

It appears that the parties entered into a contract on the 27th of July, 1907, for the purchase, by Kerrigan, of premises known as 6611 Justine street, Chicago, for which he was to pay (in addition to specified previous payments) the sum of $2,000 in monthly payments of $35 each—together with taxes and assessments.

The property in question was a two story flat building with a basement, in the nature of a cellar, without cement floor. At the time possession was delivered to Kerrigan under his contract (about August 7, 1907), one of the defendants in error (Morris) used the basement as a storage place—possession of the flats being then delivered to Kerrigan.

In September, 1908, defendants in error sued for the possession of the premises upon the ground that Kerrigan had defaulted to the extent of $150 in the monthly payments and the taxes, to be paid by him under the terms of the contract.

On the trial below Morris testified that it had been agreed between him and Kerrigan that Kerrigan should be allowed upon his contract the sum of one dollar per month for the use of the basement for storage purposes, and this testimony was not contradicted by any one.

Plaintiff in error contends that the trial court erred in refusing to allow him to prove the fair rental value of the basement, and to show that his (Kerrigan's) consequent damages resulting from the continued occupancy of the basement by defendants in error, aggregated more than the amount due from him under the contract.

It having been established by uncontradicted evidence in the case, that a definite price of one dollar per month had been agreed upon, the court below did not err in refusing to allow Kerrigan to prove the fair rental value for the use and occupation of the basement, and the judgment is therefore affirmed.

*Affirmed.*